COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

TRIAL COURT FOR THE
COMMONWEALTH
SUPERIOR COURT
DOCKET #: 1781CR203

COMMONWEALTH

v.

ANGEL RODRIGUEZ AKA ANGEL QUILAN

**COMMONWEALTH'S MOTION, MEMORANDUM, AND SUBMISSIONS FOR PRETRIAL DETENTION PURSUANT TO M. G. L. chapter 276, section 58A**

Pursuant to M.G.L. c. 276, §58A, the Commonwealth moves that this Court order that the Defendant be detained pending trial. As reasons therefore, the Commonwealth states that the Defendant is charged with, among other things, assault and battery by means of a dangerous weapon causing serious bodily injury, which is:

X__ a felony which has as an element the use, attempted use, or threatened use of physical force against the person of another;

___ any other felony which by its nature involves a substantial risk that physical force against the person of another may result (including burglary and arson, whether or not a person has specifically been placed at risk); or

___ a violation of any order pursuant to M.G.L. c. 208, §§ 18, 34B, or 34C; c. 209, §32; c. 209A, §§3, 4, or 5; c. 209C, §§ 15 or 20; or

___ an arrest and charge for a misdemeanor or felony involving "abuse" as defined in M.G.L. c. 209A, §1, or while a 209A order was in effect against the Defendant; or

___ an offense for which M.G.L. c. 94C prescribes a mandatory minimum term of three years or more; or

___ an arrest after for a third or subsequent charge of G.L. c. 90, §24.

The Commonwealth filed this request pursuant to M.G.L. Chapter 276, section 58A at the defendant's arraignment. The Commonwealth submits that there is clear and convincing evidence that no conditions of release could reasonably assure the safety of the victim and/or the

1

[Handwritten annotation in left margin:]
6/30/17 After a hearing and careful review of the record before the court, the Commonwealth's motion is allowed in so far as the court concludes that the Commonwealth has satisfied its burden of proof. In particular, the court finds that the circumstances alleged about by the incident involving the client convinces the defendant's criminal history, evidence and his support of probation violation and attempt to evade the investigation with respect to the incident in Dorchester, that no conditions can be placed upon the community were not Briegel's defendant there are no conditions were the community use to Briegel's.

#5

community and requests that this Court order detention without bail for this defendant.

## I. Statement of Facts

The defendant and the victim began dating in 2016 and have been in a substantial dating relationship for approximately one year. In late January 2017, the victim moved from Boston to Lowell and began residing at an apartment on Middlesex Street with her two children from a previous relationship.

On March 4, 2017, the defendant and victim got into an argument while at her apartment. The defendant called the victim derogatory names and threw the victim's belongings on the floor. The defendant punched the victim on the side of her neck with a closed fist causing the victim to fall to the floor. The victim got back up. The defendant then punched the victim several times in the head, face and eyes with significant force. The defendant then grabbed the victim by her hair and pulled her into the bedroom. The defendant threw the victim face first into the side rail of a metal bedframe. The victim's face made contact with the bedframe causing her to bleed profusely from her nose. When the victim got up, the defendant continued to strike the victim. The victim went into the bathroom and sent a text message to her sister telling her to call the police. The defendant came into the bathroom and saw the victim with her cell phone and took the cell phone from her. While in the bathroom, the defendant continued to argue with the victim. While arguing in the bathroom, they heard a knock at the door. The defendant and victim believed that the police were at the door. The defendant and victim stayed in the bathroom for approximately fifteen to twenty minutes and did not answer the door. During that time, the victim was crying and bleeding. The defendant told the victim to be quiet, not say anything and to tell the police they were just arguing on the phone. The defendant told the victim that if she ever said anything, she would probably get hurt again.

When the victim's sister received the victim's text message, she contacted the police. The victim's sister arrived at the victim's apartment. When she arrived, she could hear her sister crying inside and the defendant telling the victim to be quiet. The police arrived shortly thereafter and repeatedly knocked on the door. The officers could hear a woman crying inside. The Lowell Fire Department arrived on scene and breached the door. Police located the victim and the defendant inside. The victim was visibly upset. She had blood smeared all over her face and clothing. She had fresh bruises, scratches, red marks and dried blood on her face and neck. The victim had a large scratch from under her eye, across her nose and to the top of her lip from

where her face made contact with the bedframe. The victim obtained medical treatment at Brigham and Women's Faulkner Hospital in Boston where she was diagnosed with a fractured nasal bone among other injuries.

The defendant was placed into custody and was charged with various domestic abuse offenses in regards to this incident. The defendant was held in custody at the Billerica House of Correction while awaiting a dangerousness hearing in the Lowell District Court. Over the course of several days leading up to the hearing, the defendant called the victim from the jail numerous times. The Middlesex District Attorney's Office obtained recordings of these phone calls. On multiple occasions during the calls, the defendant told the victim about other court cases involving either himself or "other people" where the victim or other party either did not show up for court, asserted a "fifth amendment" privilege, or vouched for the person in trouble. During the calls, the defendant explained that by doing these things, it helped him and the "other people" out with their court cases. The victim believed that by telling her this information that the defendant was directing her to do the same in regards to his pending court case involving her. On numerous occasions, the defendant mentioned that he and the victim should get married. On the day of the dangerousness hearing, the victim went to the Lowell District Court and spoke with a victim witness advocate from the Middlesex District Attorney's Office. The victim told the victim witness advocate that the defendant did not abuse her or cause her injuries. The victim later admitted that she lied to the victim witness advocate because she did not want the defendant to get in any more trouble and she thought that was what he wanted her to do based upon the calls he had made to her.

## II. Submissions

In support of the Commonwealth's motion, the Commonwealth also submits the following items in addition to the defendant's Board of Probation Record and interstate record:

**Documents Related to Charged Indictments**

1. **Findings and Order on Motion for Detention under G.L. c. 276 § 58A, Lowell District Court, Docket # 1611CR4307:** After a hearing in the Lowell District Court on the Commonwealth's Motion for Detention, the Court found the defendant to be dangerous and that there were no conditions of release to ensure the safety of the victim or community. The Court ordered that the defendant be held without bail until trial. The Commonwealth has filed this motion anew in Superior Court pursuant to

3

M.G.L. c. 276 §58A and <u>Commonwealth v. Murchison</u>, 428 Mass. 303 (1998) at the defendant's arraignment in Superior Court.

2. **Grand Jury Minutes, March 20, 2017, testimony of Tanisha Lozada**

3. **Lowell Police Arrest Report # 2017-4145**

4. **Photographs (victim injury and scene)**

5. **Medical Records, Brigham and Women's Faulkner Hospital, pertaining to diagnoses and treatment of Tanisha Lozada on 3/4/2017:** The victim was diagnosed with a fractured nasal bone in addition to other injuries. The victim reported to treating medical personnel that she had been previously seen in the hospital emergency department for interpersonal violence by the same assailant (page 4).

6. **Recorded Calls and accompanying Log, Middlesex Sherriff's Department:** The defendant is charged with witness intimidation stemming from a number of phone calls placed by the defendant from the Billerica House of Correction to the victim while awaiting a hearing on the issue of dangerousness in the Lowell District Court. The victim described these calls in her grand jury testimony (pages 25-27). The Commonwealth directs the court's attention specifically to call # 8 and call #9 where the defendant told the victim about other court cases involving either himself or other people where the victim or other party either did not show up for court, asserted a fifth amendment privilege, or vouched for the person in trouble. During the calls, the defendant explained that by doing these things, it helped him and the other people out with their court cases.

**<u>Documents Related to Defendant's Court Activity</u>**

1. **Documents related to Boston Municipal Court- Dorchester Division, Docket # 1607CR003910** (defendant charged with threatening to commit a crime stemming from an incident where it was alleged that the defendant harassed Tanisha Lozada's ex-boyfriend and father of her child via numerous phone calls and in person threats to fight and hurt him. The defendant was on pretrial release on this matter when he was arrested by the Lowell Police Department for the instant offenses- charge dismissed on 4/26/2017)
   a. Boston Police Department Incident Report, dated 9/28/2016
   b. Harassment Prevention Order, Docket # 1606RO0523

2. **Documents related to Boston Municipal Court- Dorchester Division, Docket # 1607CR002363** (defendant charged with assault and battery on a pregnant person stemming from an incident where it was alleged that the defendant struck his then girlfriend in the head and stomach and bit her wrist; the alleged victim of this offense was four months pregnant at the time- charge dismissed 3/1/2017)
   a. Boston Police Department Incident Report, dated 6/29/2016

3. **Documents related to Boston Municipal Court- Central Division, Docket #**

4

**1601CR002291** (defendant charged with assault and battery, assault and battery on a public employee and disrupting a court proceeding stemming from an incident where it was alleged that the defendant engaged in a fight in a courtroom with another individual and struck a court officer who attempted to intervene. The defendant was convicted of one count of assault and battery where he received a split sentence. The defendant was on probation for this offense when he was arrested by the Lowell Police Department for the instant offenses- The defendant was found in violation of his probation based upon the new offenses in Lowell and sentenced to ten months committed)
   a. Boston Police Department Incident Report, dated 4/7/2016
   b. Boston Municipal Court, Central Division, Certified Prior Conviction
   c. Boston Municipal Court, Central Division, Judicial Order- Conditions of Probation

4. **Documents related to Suffolk Superior Court, Docket # 1584CR11273** (defendant indicted and charged with armed robbery, assault dangerous weapon, assault and battery by means of a dangerous weapon and intimidation of a witness stemming from incident involving the theft of a cell phone from a stranger at knife point. The defendant was on pretrial release, including a $200.00 cash bail, on this matter when he was arrested by the Lowell Police Department for the instant offenses- The defendant pled guilty to the indictment for witness intimidation and received a six month committed sentence as a result with the remaining charges dismissed)
   a. Massachusetts Trial Court, Masscourts Docket Sheet, Docket # 1584CR11273
   b. Chelsea Police Department Arrest Report, dated 9/19/2015

5. **Restraining Order Docket # 1536CR514, Salem District Court** (Plaintiff obtained a three year restraining order against the defendant; affidavit references the defendant's ties to gang activity and access to firearms. The same plaintiff also obtained a restraining order against the defendant in 2014, Restraining Order Docket # 1402RO0024)

### III. Argument

MGL Chapter 265, section 58A enumerates a number of factors that a Judge should take into consideration in making the determination if there are no conditions of release that could reasonably assure the safety of the victim or the community if a defendant was released. A number of those factors are present here:

1. **The Nature and Seriousness of Danger Posed if Released:** This defendant poses a significant danger to victim Tanisha Lozada, her children and to the public in general if he is released. This is demonstrated by the defendant's extremely violent behavior towards Ms. Lozada resulting in serious injury to her person. The defendant prevented the victim from seeking help from law enforcement and threatened that she would get hurt again if she told the police what happened. The defendant pressured

5

the victim to lie on his behalf by contacting her from jail while awaiting a hearing on the issue of dangerousness in the district court. The records from Ms. Lozada's medical treatment support the assertion that the defendant has been physically abusive to Ms. Lozada in the past. The defendant, who is twenty five years old, has two prior restraining orders obtained by a prior domestic partner and one prior harassment prevention order against him. The most recent restraining order obtained by a prior domestic partner was in effect against him at the time the defendant is alleged to have committed these offenses and remains open. The defendant has two prior convictions for assaultive behavior as well as numerous charges for violent and threatening offenses. The defendant has been convicted of witness intimidation.

2. **The Nature and Circumstances of the Offense:** This case involves serious allegations of domestic abuse of victim Tanisha Lozada resulting in her seeking medical treatment for a fractured nose and other injuries. The defendant prevented the victim from getting help from the police, threatened her if she told the police what had happened and subsequently intimidated her while being held in custody. The defendant was on probation out of the Boston Municipal Court- Central Division for one count of assault and battery when he is alleged to have committed these offenses. In addition to the probation case, the defendant was on pretrial release on ***three separate cases out of three different courts*** (1. Docket # 1607CR3910, BMC-Dorchester, threatening to commit a crime 2. Docket # 1584CR11273, Suffolk Superior Court, armed robbery, assault dangerous weapon, assault and battery with a dangerous weapon, intimidation of a witness and 3. Docket # 1506CR01264, BMC-West Roxbury, larceny over $250 and breaking and entering with intent to commit a felony) when he is alleged to have committed these offenses.

3. **The Potential Penalty:** The Defendant is currently charged with multiple offenses, including assault and battery by means of a dangerous weapon causing serious bodily injury, two counts of intimidation of a witness, and assault and battery on a family or household member. The charge of assault and battery by means of a dangerous weapon causing serious bodily injury carries a maximum potential penalty of fifteen years in state prison. Each of the charges of intimidation of a witness carries a maximum potential penalty of ten years in state prison. The maximum potential penalty for the charge of assault and battery on a family or household member is two and a half years in the house of correction.

4. **The Risk that D would Obstruct, Threaten, or Intimidate Anyone:** The defendant is presently charged with two separate counts of witness intimidation. The first of these indictments stems from the defendant's conduct during and in the immediate aftermath of the defendant beating the victim where it is alleged that the defendant took the victim's cell phone, pressured her to not answer the door when the police responded to help her and threatened her if she told the police what had happened. The second of these indictments stems from the defendant's repeated phone calls to the victim while the defendant was in custody pressuring her help him in his case. The defendant has been convicted out of the Suffolk Superior Court for witness intimidation. The defendant has been previously charged on two occasions with threatening to commit a crime. The restraining order and harassment order contained

6

in this submission both include affidavits referencing the defendant's threatening, violent and intimidating behavior.

5. **D's Reputation/Record of Convictions:** The defendant, who is twenty five years old, has numerous convictions for a variety of different offenses. As stated above, the defendant has two prior convictions for assault and battery. In 2016, the defendant received a split sentence on one count of assault and battery where he served sixty days in the house of correction and was placed on probation thereafter. The defendant was on probation for this offense at the time it is alleged he committed the offenses in the charged indictments. The defendant was found in violation of his probation (second violation) and sentenced to ten months in the house of correction. The defendant was on pretrial release out of three separate courts at the time of the alleged offenses. In Suffolk Superior Court the defendant was on pretrial release for a number of offenses including a charge of witness intimidation. Subsequently, the defendant pled guilty to this charge of witness intimidation and received a six month committed sentence. Additionally, the defendant has previously been convicted of receiving a stolen motor vehicle, receiving stolen property, possession of burglarious tools, resisting arrest, and disturbing the peace. The defendant has violated probation in nearly every case where he has been placed on probation (totaling eight separate violations) resulting in multiple committed sentences. The defendant has frequently defaulted on his court dates or been placed in warrant status both before and after disposition, including in the Suffolk Superior Court matter.

6. **History of Illegal Drug Distribution/Current Drug Dependency:** The defendant received a continuation without a finding for possession of a class B substance in 2013.

7. **Currently on Bail or Probation:** As stated above, the defendant was on probation out of the BMC- Central Division and was separately on pretrial release for three separate cases out of three separate courts at the time of the instant offenses. The matter the defendant was on probation for is a violent offense where he had previously violated probation. Two of the three cases for which the defendant was on pretrial release for involved allegations of violent or threatening conduct. The defendant's board of probation record clearly demonstrates the defendant's complete disregard for the court process and orders. He has repeatedly failed to abide by conditions of probation, does not heed the bail warning to refrain from criminal activity while on pretrial release and persists in committing criminal offenses despite his probationer and pretrial status. The defendant's conduct towards the victim in the instant case, where he is alleged to have continued committing crimes even while held in custody, further demonstrates the defendant utter lack of respect for the judicial process.

8. **Whether the Offense is a Domestic Offense:** The defendant was in a dating relationship with Tanisha Lozada at the time of the alleged offenses.

9. **Whether the Defendant has a History of RO's:** As stated before, this defendant has had two restraining orders and one harassment prevention order against him.

These materials are clear and convincing evidence that no conditions of release could reasonably assure the safety of either of the alleged victim or the community in general and therefore, the Commonwealth respectfully requests detention without bail for this defendant pursuant to M.G.L. Chapter 276, section 58A. Finally, the Commonwealth requests that an expedited trial date be set on this matter and will be available to try this case within 120 days.

                                      Respectfully Submitted,
                                      For the Commonwealth
                                      MARIAN T. RYAN
                                      DISTRICT ATTORNEY

                                      _____
                                      Emily Jackson
                                      Assistant District Attorney
                                      Middlesex District Attorney's Office
                                      BBO # 682258
                                      151 Warren Street
                                      Lowell, MA 01852
                                      (781) 897-8900
                                      Emily.jackson@state.ma.us

Date: 6/21/2017