UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANGEL RODRIGUEZ,<br>a/k/a "King ACE,"<br><br>Defendant | Criminal No. 19-CR-10459-RWZ |

### MEMORANDUM IN SUPPORT OF SENTENCING RECOMMENDATION

The government submits the instant memorandum in support of its recommendation for **72 months of incarceration** for the defendant, Angel Rodriguez, a/k/a "King Ace." This recommendation reflects the seriousness of the offense, the need for deterrence and punishment, and is sufficient but no greater than necessary to accomplish the goals of sentencing.

### THE ADVISORY SENTENCING GUIDELINES

The parties agree that U.S. Probation has properly calculated the guidelines in the final Presentence Report, consistent with the offense level stated in the binding Plea Agreement. The defendant's base offense level of 20 (pursuant to USSG §2D1.1(a)(5) and (c)(10)) (PSR ¶¶ 87-89), increased by 2 due to role of offense (PSR ¶¶ 92, 94), is reduced by three levels due to his prompt acceptance of responsibility, for a total offense level of 19 (PSR ¶ 98). With a criminal history score of VI (PSR ¶¶ 109-111), the guideline sentencing range is 63-78 months. In the plea agreement, the U.S. Attorney agreed to recommend a sentence consistent with the calculated offense level of 19, which corresponds to the guideline sentencing range of 63-78 months.

### ARGUMENT

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of

sentencing set forth in § 3553(a)(2). Consideration of the § 3553(a) factors demonstrates that a sentence of 72 months (the mid-range of the guidelines sentence range) is sufficient, but not greater than necessary, to meet the goals of sentencing.

Among those factors are the "nature and circumstances of the offense," promoting respect for the law, and providing just punishment. See 18 U.S.C. § 3553(a)(2)(A). The sentence must also afford "adequate deterrence" for both the defendant and others. See 18 U.S.C. § 3553(a)(2)(B) (the court may impose a sentence "to afford adequate deterrence to criminal conduct"). Lastly, the sentence must protect the public from the further crimes of the Defendant, and the drug distribution that the Defendant brought to bear through his membership in the Latin Kings. See 18 U.S.C. § 3553(a)(2)(C) ("protect the public from further crimes of the defendant"). On consideration of all these factors, a 72-month is the proper means to do so.

### A.  Nature and Circumstances

This Court is familiar with the nature of the Latin Kings enterprise and the violent conduct committed by its members. While not specifically responsible for any acts of violence, the Defendant served as a leader, both while incarcerated and when released. To be sure, the Defendant is personally responsible for an amount of crack cocaine, it is important to place this amount of drugs in perspective and within the scope of the Latin Kings extensive racketeering conspiracy. See PSR ¶¶ 46-51. Additionally, the Defendant played a role in the hierarchy of the Latin Kings and its activities to transmit information about persons being targeted for violence. Though not being specifically held responsible for any violent acts undertaken while incarcerated, this Defendant's role facilitated the Latin Kings' control in the prison and jail facilities. See PSR ¶¶ 51-81.

### B.  Criminal History and Prior Sentences

The driving factor for the government's recommendation is the context in which the

2

Defendant's participation in the racketeering conspiracy arose. The Defendant is in criminal history category VI, which itself places the Defendant in the top 8% of all offenders in the federal system.[1] As his criminal record makes clear, this Defendant is a top-tier violent offender, who merits a sentence commensurate with the serious crime committed here and his extraordinary criminal history.

Not only did defendant possess dangerous drugs with intent to distribute, he did so only a few months after being released from a 2017 Middlesex Superior Court sentence related to a extremely serious domestic violence incident, where he "punched the victim on the side of her neck with closed fist causing the victim to fall to the floor and began punching the victim in the head, face, and eyes with significant force. The defendant then dragged her by the hair and threw her on the bed causing her face to hit the metal bedframe and she began bleeding profusely from her nose." PSR ¶ 108. This incident also involved a conviction for the Defendant intimidating the victim after the fact as well.[2] For this crime, the Defendant was sentenced to two and one-half to three years in state prison. See PSR ¶ 108.[3] This domestic violence incident took place while the Defendant was on pretrial release for three cases, and probation. Furthermore, the crimes charged in this Indictment took place while the Defendant was on probation for this domestic violence conviction. See PSR ¶ 110.

---

[1] Based on the 2019 data from the United States Sentencing Commission, only 8.6% of offenders in the federal system score in Category VI). See United States Sentencing Commission, Figure 7, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2019/FigureO7.pdf

[2] See ECF #830 & 830-5 (Commonwealth's motion for detention). The government also makes reference to its opposition to the Defendant's motion for release, and the exhibits submitted in support. See ECF #830-1 through 830-9.

[3] This was not the first time that the Defendant was convicted for violence against women. In 2009, the Defendant was convicted as a juvenile for assault and battery, where he "began to repeatedly punch [his mother's roommate] with a closed fist, pushed her to the ground, and continued punching her in the head and face." PSR ¶ 101.

The prior conviction for which the Defendant was on probation at time he assaulted his girlfriend was also extremely serious: the Defendant literally attacked another person in a courtroom. See PSR ¶ 107. For this, the Defendant was sentenced to 1 year in jail, with 60 days to serve and the balance suspended during a period of probation. See PSR ¶ 107. The Defendant violated that probation by viciously beating his girlfriend (PSR ¶ 108), as described above, and remarkably received no additional punishment. See PSR ¶ 107.

Before this, the Defendant was convicted of a number of other troubling offenses, including witness intimidation of a robbery victim in 2015 and sentenced to 6 months in jail (PSR ¶ 106), possession of a class B substance in 2013 (PSR ¶ 105), receiving stolen motor vehicle in 2012, with codefendant Palacios (PSR ¶ 104), and receiving stolen motor vehicle in 2012 (PSR ¶ 103).

### C. Public Protection and Deterrence

Given the Defendant's violent history, and involvement here, the Court must ensure that the defendant is specifically deterred from committing crimes in the future, and ensuring that the public recognizes such crimes merit a serious punishment as well. Here, the Court should specifically deter the Defendant from committing crimes in the future by imposing a 72 months sentence. Put plainly, the Defendant was on probation at the time he was arrested with the drugs at issue here, and while he conspired with other members of the Latin Kings as he was incarcerated and serving a sentence. A 72-month sentence is necessary to impress upon the Defendant that committing crimes while in custody and on probation, are taken seriously and is unacceptable.

General deterrence must also be considered, and this Court should be mindful of the strong message that a 72-month sentence sends to violent offenders who continue to commit crimes. The Court should also be mindful of the message that would be sent by any further leniency that this Defendant has proven he will only take advantage of and exploit. In short, this Court should not

reward continued criminal conduct by a violent offender with leniency, and should ensure that the public does not receive that message as well. A sentence below 72 months would not promote respect for the law or justly punish this Defendant.

Lastly, as this Court can see from the defendant's history of convictions, including convictions for a fight in a courtroom, two convictions for witness intimidation, and the vicious beating of his girlfriend, the public must be protected from this Defendant. Whether it is through drug distribution, violence, or witness intimidation, this Defendant has proven to unwilling to conform his conduct to the law, even while on pretrial release, probation, or while incarcerated. As such, the Court must take this opportunity to protect society from this Defendant and his crimes and a 72-month sentence is the proper means to do so.

## CONCLUSION

Due to the nature and circumstances of the crime, the Defendant's criminal history, and because deterrence (both general and specific), respect for the law, and just punishment for selling deadly drugs are all critical sentencing factors for this Defendant, the Court should impose a sentence of 72 months.

Respectfully submitted,

NATHANIEL R. MENDELL,
Acting United States Attorney

By:

*/s/ Philip A. Mallard*
PHILIP A. MALLARD
LAUREN A. GRABER
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston MA 02210
617-748-3674

5

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                  */s/ Philip A. Mallard*
                                                  PHILIP A. MALLARD
Date: May 17, 2021                      Assistant U.S. Attorney